IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOEL AARON SILBERMANN,  *

Plaintiff,  *

v  *   Civil Action No.  PWG-15-2306

KATHERINE A. MAZZAFERRI  *

Defendant.  *

\*\*\*

## MEMORANDUM

Plaintiff Joel Aaron Silbermann, a self-represented plaintiff, filed this complaint on August 6, 2015, Compl., ECF No. 1, accompanied by a motion to proceed in forma pauperis, ECF No. 2. I grant Silbermann's motion to proceed in forma pauperis. Because Silbermann does not provide a basis for his dissatisfaction with the Defendant Katherine A. Mazzaferri, explain why he is pursuing a claim against her in federal court, or have a judicially cognizable interest in the criminal prosecution of another, I dismiss Silvermann's complaint without prejudice.

Silbermann will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) because his financial affidavit indicates that his only source of income is disability payments.

In his complaint, Silbermann states the facts of the case are as follows:

And now compel an [sic] warrant and arrest for Katherine A. Mazzaferri. attorney at law. For failure to comply with adiquite [sic] notification for summons sent on 6-15-15. And order her fined and disbared [sic] for failure to respond to any complaint via certified mail. I ask that until she appears she forfits [sic] all pay and entitlments [sic] of bar registrastion [sic].

Compl., ECF No. 1 at 2. As relief, Silbermann is requesting damages of $900 million and to compel Defendant's arrest and confinement.[1]

As noted, Silbermann's complaint has been accepted for filing under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii). In this context, a federal judge has an obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93-94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). Here, Silbermann does not state the basis for his dissatisfaction with the defendant, nor does he explain why he is pursuing a claim against her in federal court.

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief must contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought which may include relief in the alternative or different types of relief.

Fed.R.Civ.P. 8(a).

---

[1] The Court notices that Silbermann has filed eight self-represented civil actions in this District since August 6, 2015.

It is well-settled law that a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Silbermann's Complaint does not meet this standard.

Further, to the extent Silbermann is requesting issuance of a warrant to effect Defendant's arrest and confinement, he has no legally protected interest in the prosecution of others. He cannot obtain a criminal investigation or criminal charges against the Defendant through this lawsuit. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *see also Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir.1988) (a member of the public at large has no constitutional right to have a defendant criminally prosecuted). As Silberman does not have a judicially cognizable interest in the criminal prosecution of another, he lacks standing to raise such a claim. *Linda R.S. v. Richard D.*, 410 U.S. at 619.

For these reasons, the Court will dismiss this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. A separate Order follows.

082415
Date

Paul W. Grimm
United States District Judge.